**NOT FOR PUBLICATION**

**FILED**

**JUL 16 2026**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| TALKDESK, INC., a Delaware corporation, | No. 25-948 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:22-cv-05961-MCS-JPR |
| ANDREW PHAM, an individual, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted July 8, 2026[**]
Pasadena, California

Before: RAWLINSON, SANCHEZ, Circuit Judges, and FITZWATER., District
Judge.[***]

Andrew Pham (Pham) appeals from the district court's order granting

summary judgment in favor of Talkdesk, Inc. (Talkdesk) on its claims of breach of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

1

fiduciary duty and breach of contract. Pham also appeals from the district court's order denying him leave to file an amended answer and its subsequent entry of default judgment in favor of Talkdesk. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review a district court's grant of summary judgment de novo. . . ." *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 734 (9th Cir. 2025) (citation omitted). We review for "abuse of discretion" a district court's decision to deny a party "leave to amend its answer." *Quinault Indian Nation v. Pearson*, 868 F.3d 1093, 1100 (9th Cir. 2017) (citation omitted). We also "review for an abuse of discretion the district court's decision to enter a default judgment." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011).

**1.** It is undisputed that "Pham and Talkdesk had an attorney-client [fiduciary] relationship." *See De Meo v. Cooley LLP*, 115 Cal.App.5th 17, 29 (2025) (observing that "[t]he relation between attorney and client is a fiduciary relation of the very highest character. . . .") (citation omitted). As part of Pham's duties, he was "responsible for reviewing, advising, and negotiating legal agreements for Talkdesk," including negotiating the "Master Services Agreement (MSA) between Talkdesk and its vendor, Engineer.ai Corporation (Engineer)." It is also undisputed that after his termination from Talkdesk, Pham "assist[ed] Engineer" with potential litigation against Talkdesk involving the MSA. Indeed,

2

Engineer eventually hired Pham to serve as its general counsel, and he supervised "subsequent litigation against Talkdesk regarding the MSA." *See O'Gara Coach Co., LLC v. Ra*, 30 Cal.App.5th 1115, 1126 (2019) (explaining that "no ethical wall [can] overcome the imputation of shared knowledge when an attorney who formerly represented – and therefore possessed confidential information regarding – a party switched sides in the same case") (citation and emphasis omitted). Pham also admitted to advising a Talkdesk employee on how to avoid termination. In doing so, Pham switched sides in violation of his fiduciary duty. *See City Nat. Bank v. Adams*, 96 Cal.App.4th 315, 329 (2002) (recognizing that when a "lawyer switches sides and represents the former client's adversary in the same matter, everything the lawyer does for the new client necessarily will injuriously affect the former client"). Thus, the district court did not err in granting summary judgment in favor of Talkdesk for its breach of fiduciary duty claim. *See id.*

2. Pham's employment with Talkdesk was "conditioned on Pham's execution of a Talkdesk Proprietary Information and Inventions Agreement" (PIIA). Under the PIIA, Pham agreed to hold in confidence all of Talkdesk's Proprietary Information. The PIIA defined Proprietary Information as "all Inventions and all other business, technical and financial information (including, without limitation, the identity of and information relating to customers or employees) [] develop[ed], learn[ed], or obtain[ed] during [Pham's] term of . . .

3

employment." The PIIA also prohibited Pham from retaining any "Proprietary Information (including all copies)" "[u]pon termination of [his] employment."

Pham breached the PIIA in two ways. First, upon leaving Talkdesk, Pham retained "copies of text messages, chats, and emails with one or more Talkdesk executives." He also maintained a notebook that "contained terms of Talkdesk agreements, strategicals, and information about pending legal disputes and strategies." Second, "Pham provided facts . . . for Engineer's use in the MSA dispute." Although Pham disputes that these facts were "confidential and privileged," the district court correctly found that the information "concern[ed] Talkdesk's business, technical and financial information, including discounts received from contractors, Talkdesk's billing practices, and internal employment matters." Thus, the district court did not err in granting summary judgment on Talkdesk's breach of contract claim. *See Siino v. Foresters Life Ins. & Annuity Co.*, 133 F.4th 936, 943 (9th Cir. 2025) (noting that "summary judgment is appropriate . . . [when] there are no genuine issues of material fact") (citations, alteration, and internal quotation marks omitted).

**3.** The district court did not abuse its discretion in denying Pham leave to amend his answer. Pham's motion to amend his answer was untimely. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (explaining that "[w]hen a district court enters a pretrial scheduling order establishing a deadline

4

for amending the pleadings, as the court did here, . . . a plaintiff must show good cause [under Rule16(b)] for failing to amend . . . before the time specified in the scheduling order expired") (citations and internal quotation marks omitted).  And Pham failed to establish good cause or meaningfully argue for excusable neglect. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).

4.    Finally, the district court did not abuse its discretion in denying Pham's motion to set aside the default.  As the district court noted, Pham "authored his own default by voluntarily withdrawing [his] answer after the deadline to amend the pleadings instead of confronting Talkdesk's Rule 11 challenge." *See Franchise Holding II, LLC. v. Huntington Restaurants Grp, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (determining that a "district court's denial [of a motion to set aside a default judgment] on culpability grounds . . .  was . . . within its discretion").  Similarly, the district court did not abuse its discretion in partially granting Talkdesk's motion for a default judgment.  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016), *as amended*.

**AFFIRMED.**

5